# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAJ ALPESHKUMAR PATEL,

        Petitioner,

v.

SECRETARY MARKWAYNE
MULLIN, DALE J. SCHMIDT,
DIRECTOR SAM OLSON, and AG
TODD BLANCHE,

        Respondents.

Case No. 26-CV-1227-JPS

**ORDER**

Raj Alpeshkumar Patel ("Petitioner"), an Indian national, entered the United States without inspection in 2023. ECF No. 1 at 1. United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody on July 12, 2026, and have detained him since then without a bond hearing at Dodge County Detention Facility in Juneau, Wisconsin. *Id.* at 2–3. Respondent Dale J. Schmidt ("Schmidt") serves as Petitioner's immediate physical custodian. *See id.* at 2.

On July 13, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 1. In addition to Schmidt, Petitioner also named as respondents Sam Olson, ICE Acting Field Office Director for the Chicago Field Office; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and Todd Blanche, Acting United States Attorney General (together, "Federal Respondents"). *Id.* at 3–4.

Federal Respondents purport to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A), which mandates detention. ECF No. 5 at 3. Petitioner

contends instead that 8 U.S.C. § 1226 applies to him, entitling him to a bond hearing. ECF No. 7 at 1. Petitioner argues that his ongoing detention violates the Due Process Clause and the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq. ("INA"). ECF No. 1 at 17–19. Federal Respondents filed their brief opposing the petition, ECF No. 5 (which Schmidt joined, *see* ECF No. 5 at 1 n.1), and Petitioner submitted a reply, ECF No. 7.

In *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026), the Seventh Circuit joined the Second, Eleventh, Sixth, and Tenth Circuits in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Cirrus Rojas*, 2026 WL 2198315, at *1 n.1, *2. Based on this circuit precedent, § 1226 governs Patel's detention, entitling him to a bond hearing. The Court will therefore grant Petitioner a writ of habeas corpus and order that a bond hearing take place before an immigration judge within thirty days of the date of this Order.

> An alien in a custody determination under section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (2012), must establish to the satisfaction of the Immigration Judge and the Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.

*Matter of Siniauskas*, 27 I. & N. Dec. 207, 207 (BIA 2018) (citing *Matter of Fatahi*, 26 I&N Dec. 791, 793-94 (BIA 2016); *Matter of Adeniji*, 22 I&N Dec. 1102, 1112-13 (BIA 1999), *modified on other grounds*; and *Matter of Garcia Arreola*, 25 I&N Dec. 267 (BIA 2010)). The parties will further be ordered to file a joint status report within thirty days of this Order.

Accordingly,

**IT IS ORDERED** that Petitioner Raj Alpeshkumar Patel's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Raj Alpeshkumar Patel be afforded a bond hearing before an immigration judge pursuant to 28 U.S.C. § 1226(a) within **thirty (30) days** from the date of this Order; and

**IT IS FURTHER ORDERED** that the parties shall **FILE** a joint status report on or before **thirty (30) days of this Order.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge